IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL W. AUGUST,

    Plaintiff,

  vs.

JOHN DOVEY, et al.,

    Defendants.

No. CIV S-06-1721-LKK-CMK-P

FINDINGS AND RECOMMENDATIONS

/

      Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is plaintiff's complaint (Doc. 1).

      The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1), (2).  Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This means that claims must be stated simply, concisely, and directly.  See McHenry v. Renne,

1

1  84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are
2  satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds
3  upon which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff
4  must allege with at least some degree of particularity overt acts by specific defendants which
5  support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it
6  is impossible for the court to conduct the screening required by law when the allegations are
7  vague and conclusory.

## I.  BACKGROUND

Plaintiff names the following as defendants: Dovey, Tilton, Veal, Martinez, Mirich, Cry, Moreno, and Carroll.  Plaintiff seeks monetary damages and injunctive relief.

Plaintiff claims that he was falsely accused of placing a weapon in another inmate's cell.  He states that he was at his prison job at the time.  Plaintiff states that, after being placed in administrative segregation for the weapon incident, he filed an inmate grievance.  However, according to plaintiff, the grievance was improperly dismissed.  Plaintiff submitted another grievance, which was rejected at all levels of review.  Plaintiff asserts numerous violations with respect to the prison disciplinary process.  Specifically, plaintiff states:

> The actions of Defendants DOVEY, TILTON, VEAL, MARTINEZ, MIRICH, CARROLL, CRY, MOENO gives legitimacy to denial of court access First Amendment and DUE PROCESS of appeals rights and hearing procedures, thereby denying Fourteenth Amendment of United States Constitution.

## II.  DISCUSSION

Plaintiff states that defendants' conduct violated his right to access to the courts.  Prisoners have a constitutional right of access to the courts.  See Lewis v. Casey, 518 U.S. 343, 346 (1996); Bounds v. Smith, 430 U.S. 817, 821 (1977); Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995) (discussing the right in the context of prison grievance procedures).  This right

requires prison officials to "assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." Bounds, 430 U.S. at 828.  The right, however, only requires that prisoners have the capability of bringing challenges to sentences or conditions of confinement.  See Lewis, 518 U.S. at 356-57.  Moreover, the right is limited to non-frivolous criminal appeals, habeas corpus actions, and § 1983 suits.  See id. at 353 n.3 & 354-55.  Therefore, the right of access to the courts is only a right to present these kinds of claims to the court, and not a right to discover claims or to litigate them effectively once filed.  See id. at 354-55.

As a jurisdictional requirement flowing from the standing doctrine, the prisoner must allege an actual injury.  See id. at 349.  "Actual injury" is prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or present a claim.  See id.  Delays in providing legal materials or assistance which result in prejudice are "not of constitutional significance" if the delay is reasonably related to legitimate penological purposes.  Id. at 362.

In this case, plaintiff has not alleged that he has suffered an actual injury. Specifically, he has not alleged that he was unable to meet a filing deadline or present a claim. In fact, plaintiff's claim is based on the notion that, by frustrating the inmate grievance process, defendants have denied him access to the courts.  As stated above, such a claim cannot exist where there is no actual injury.  This defect in plaintiff's complaint cannot be cured.

It is clear that the gravamen of plaintiff's complaint is that prison officials have violated his due process rights by frustrating the prison grievance process in various ways.  For example, plaintiff alleges that the disciplinary action was based on a false report that he placed a weapon in a cell.  Plaintiff also claims that defendants improperly relied on confidential informants.  The court finds that these allegations survive screening.

/ / /

/ / /

### III. CONCLUSION

Because it does not appear possible that the deficiencies identified herein can be cured by amending the complaint, plaintiff is not entitled to leave to amend prior to dismissal of the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

Based on the foregoing, the undersigned recommends that:

1. Plaintiff's complaint be dismissed except as to his due process claim; and

2. This matter be referred back to the Magistrate Judge for issuance of such orders as are appropriate to effect service of the complaint on defendants.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within ten days after being served with these findings and recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  October 2, 2006.

／s／ Craig M. Kellison
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE