IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL W. AUGUST,                          No. CIV S-06-1721-LKK-CMK-P

        Plaintiff,

    vs.                                          FINDINGS AND RECOMMENDATIONS

JOHN DOVEY, et al.,

        Defendants.

_____/

       Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court are plaintiff's motions for injunctive relief (Docs. 10 & 14) filed October 3, 2006, and October 20, 2006.  In his motions, plaintiff seeks an order preventing defendants from transferring him to another prison during the pendency of this action.

       The legal principles applicable to requests for injunctive relief, such as a temporary restraining order or preliminary injunction, are well established.  To prevail, the moving party must show either a likelihood of success on the merits and the possibility of irreparable injury, or that serious questions are raised and the balance of hardships tips sharply in the movant's favor.  See Coalition for Economic Equity v. Wilson, 122 F.3d 692, 700 (9th Cir. 1997); Oakland Tribune, Inc. v. Chronicle Publ'g Co., 762 F.2d 1374, 1376 (9th Cir. 1985).  The

two formulations represent two points on a sliding scale with the focal point being the degree of irreparable injury shown. See Oakland Tribune, 762 F.2d at 1376. Under any formulation of the test, however, the moving party must demonstrate that there exists a significant threat of irreparable injury. See id. In the absence of a significant showing of possible irreparable harm, the court need not reach the issue of likelihood of success on the merits. See id. The loss of money, or an injury whose measure of damages can be calculated in terms of money, will not be considered irreparable. See id. at 1334-35.

The standard for a temporary restraining order is essentially the same. The purpose in issuing a temporary restraining order is to preserve the status quo pending a more complete hearing. The cases contain limited discussion of the standards for issuing a temporary restraining order due to the fact that very few such orders can be appealed prior to the hearing on a preliminary injunction. It is apparent however, that requests for temporary restraining orders are governed by the same general standards that govern the issuance of a preliminary injunction. See New Motor Vehicle Bd. v. Orrin W. Fox Co., 434 U.S. 1345, 1347 n.2 (1977) (Rehnquist, J.); Los Angeles Unified Sch. Dist. v. United States Dist. Court, 650 F.2d 1004, 1008 (9th Cir. 1981) (Ferguson, J. dissenting); Century Time Ltd. v. Interchron Ltd., 729 F. Supp. 366, 368 (S.D.N.Y. 1990). In many cases the emphasis of the court is directed to irreparable harm and the balance of hardships because the merits of a controversy are often difficult to ascertain and adjudicate on short notice.

As outlined above, to obtain injunctive relief plaintiff must demonstrate a significant threat of irreparable injury. In this case, plaintiff has not made such a showing. Specifically, plaintiff does not state how his transfer to another prison will cause him any injury. Plaintiff will still be able to litigate this action regardless of where he is incarcerated. Moreover, prisoners do not have a liberty interest in avoiding being transferred to another prison. See Olim v. Wakinekona, 461 U.S. 238, 245 (1983). Finally, while prisoners generally may not be transferred in retaliation for exercising their First Amendment rights, see Pratt v. Rowland, 65

1 F.3d 802, 806 (9th Cir. 1995), plaintiff has not yet been transferred.  And, even if plaintiff is later
2 transferred for a retaliatory purpose, there would still be no irreparable injury because such a
3 transfer would give rise to a separate civil rights action for damages.
4        Based on the foregoing, the undersigned recommends that plaintiff's motions for
5 injunctive relief (Docs. 10 & 14) be denied.
6        These findings and recommendations are submitted to the United States District
7 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days
8 after being served with these findings and recommendations, any party may file written
9 objections with the court.  The document should be captioned "Objections to Magistrate Judge's
10 Findings and Recommendations."  Failure to file objections within the specified time may waive
11 the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

13 DATED:  November 16, 2006.

15 　　　　　　　　　　　　　　　　　　　　　　　　　　／s／ Craig M. Kellison
　　　　　　　　　　　　　　　　　　　　　　　　　　**CRAIG M. KELLISON**
16 　　　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE