IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL W. AUGUST, | No. CIV S-06-1721-LKK-CMK-P |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| JOHN DOVEY, et al., | |
| Defendants. | |
| _____/ | |

Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is defendants' motion to dismiss (Docs. 23 & 24), filed on May 7, 2007. Plaintiff has filed an opposition and defendants have filed a reply.

Plaintiff names the following as defendants: Dovey, Tilton, Veal, Martinez, Mirich, Cry, Moreno, and Carroll. Plaintiff seeks monetary damages and injunctive relief. Plaintiff claims that he was falsely accused of placing a weapon in another inmate's cell. He states that he was at his prison job at the time. Plaintiff states that, after being placed in administrative segregation for the weapon incident, he filed an inmate grievance. However, according to plaintiff, the grievance was improperly dismissed. Plaintiff submitted another grievance, which was rejected at all levels of review. Plaintiff asserts numerous due process

1

violations with respect to the prison disciplinary process.[1]  Specifically, plaintiff states:

> The actions of Defendants DOVEY, TILTON, VEAL, MARTINEZ, MIRICH, CARROLL, CRY, MORENO gives legitimacy to denial of . . . DUE PROCESS of appeals rights and hearing procedures, thereby denying Fourteenth Amendment of United States Constitution.

The gravamen of plaintiff's complaint is that prison officials have violated his due process rights by frustrating the prison grievance process in various ways.  For example, plaintiff alleges that the disciplinary action was based on a false report that he placed a weapon in a cell.  Plaintiff also claims that defendants improperly relied on confidential informants.

In their motion to dismiss, defendants argue:  (1) plaintiff's constitutional rights were not violated by his placement in administrative segregation; (2) plaintiff's claims regarding alleged due process violations resulting from the processing and handling of his inmate grievance do not give rise to a constitutional violation; and (3) they are entitled to qualified immunity because, assuming a constitutional violation, their conduct was reasonable.  At the outset, the court observes that defendants' arguments fail to recognize that the only claims remaining in this case are those relating to alleged due process violations in the context of plaintiff's prison disciplinary proceeding.  To the extent plaintiff raised claims challenging the inmate grievance process or his placement in administrative segregation, such claims have already been dismissed.

As to the only remaining claims – due process claims relating to the prison disciplinary process – defendants do not argue that plaintiff has no protected liberty interest in such proceedings.  Nor can they.  It is clear that, with respect to prison disciplinary proceedings, due process requires prison officials to provide the inmate with: (1) a written statement at least 24 hours before the disciplinary hearing that includes the charges, a description of the evidence against the inmate, and an explanation for the disciplinary action taken; (2) an opportunity to

---

[1] No other claims remain.  Pursuant to the court's January 8, 2007, order, all other claims, including any First Amendment claim based on denial of access to the courts have been dismissed.

present documentary evidence and call witnesses, unless calling witnesses would interfere with institutional security; and (3) legal assistance where the charges are complex or the inmate is illiterate.  See Wolff v. McDonnell, 418 U.S. 539, 563-70 (1974).  Due process is satisfied where these minimum requirements have been met, see Walker v. Sumner, 14 F.3d 1415, 1420 (9th Cir. 1994), and where there is "some evidence" in the record as a whole which supports the decision of the hearing officer, see Superintendent v. Hill, 472 U.S. 445, 455 (1985).  The "some evidence" standard is not particularly stringent and is satisfied where "there is any evidence in the record that could support the conclusion reached."  Id. at 455-56.  A violation of prison regulations does not give rise to a due process claim as long as these minimum protections have been provided.  See Walker, 14 F.3d at 1419-20.

Because defendants raise the issue of qualified immunity, the court will consider whether they are entitled to qualified immunity with respect to plaintiff's remaining due process claims.  As defendants correctly note in their motion to dismiss, the qualified immunity analysis requires a prima facie showing of the violation of a constitutional right and, if such a showing is made, a determination as to whether the right was so clearly established so that a reasonable defendant would know his conduct violated that right.  See Saucier v. Katz, 533 U.S. 194, 201-202 (2001).  In this case, as discussed above, plaintiff's complaint sets forth a prima facie case of violation of his due process rights.  Further, plaintiff's due process rights concerning the prison disciplinary process are clearly established, and were at the time of the events outlined in plaintiff's complaint.  Therefore, defendants are not entitled to qualified immunity.

Based on the foregoing, the undersigned recommends that:

1. Defendants' motion to dismiss be denied; and

2. Defendants be required to file an answer.

/ / /

/ / /

/ / /

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days after being served with these findings and recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal.  See <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED:  August 17, 2007.

                                                    **CRAIG M. KELLISON**
                                                   UNITED STATES MAGISTRATE JUDGE