IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL W. AUGUST, | No. CIV S-06-1721-LKK-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| JOHN DOVEY, et al., | |
| Defendants. | |
| _____/ | |

    Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to Eastern District of California local rules.

    On August 20, 2007, the magistrate judge filed findings and recommendations herein which were served on the parties and which contained notice that any objections to the findings and recommendations were to be filed within 20 days.  Timely objections to the findings and recommendations have been filed.

/ / /

/ / /

/ / /

1

1    In their objections, defendants challenge the magistrate judge's recommendation
2 that their motion to dismiss be denied.  Defendants argue that the magistrate judge erred in
3 finding that plaintiff has a liberty interest in the procedures used in a prison disciplinary hearing
4 even though there is no allegation of loss of good-time credits.  Defendants conclude that, given
5 this error, the magistrate judge was also incorrect in finding that plaintiff's due process challenge
6 to the procedures used in his prison disciplinary hearing was cognizable in this § 1983 action.
7 Specifically, defendants contend:

> . . . Because August did not allege that the claim against him resulted in a loss of credits or an atypical hardship, no liberty interest is implicated.  Because he was not deprived of any liberty interest no process was due him.
> The Magistrate Judge is correct in setting forth the due-process requirements for a prison disciplinary hearing. (Findings & Recommendations 2:18-3:10).  But a condition precedent to these requirements is that a liberty interest be at stake.  Thus, the Magistrate Judge's conclusion that August stated a due-process claim based on his allegations that due-process requirements were not satisfied begs the question whether August was entitled to any due process. . . .

14    First, the court had already concluded that plaintiff stated a cognizable due
15 process claim before defendants filed their motion to dismiss.  In the court's January 8, 2007,
16 order, the undersigned referred this matter to the magistrate judge for issuance of orders for
17 service of process of the complaint with respect to the remaining claim – the due process claim
18 outlined in October 3, 2006, findings and recommendations.  The October 3, 2006, findings and
19 recommendations in turn outlined plaintiff's claim that defendants violated his due process rights
20 with respect to procedures at a prison disciplinary hearing.

21    Second, the undersigned concludes (again) that the magistrate judge did not err in
22 finding that plaintiff states a due process claim cognizable under § 1983.  Prisoners in California
23 have a liberty interest in the procedures used in prison disciplinary hearings where a successful
24 claim would not necessarily shorten the prisoner's sentence.  See Ramirez v. Galaza, 334 F.3d
25 850, 853, 859 (9th Cir. 2003) (concluding that a due process challenge to a prison disciplinary
26 hearing which did not result in the loss of good-time credits was cognizable under § 1983); see

1 also Wilkinson v. Dotson, 544 U.S. 74, 82 (2005) (concluding that due process claims which did
2 not seek earlier or immediate release from prison were cognizable under § 1983).  The lack of
3 any allegations in the instant complaint concerning loss of good-time credits is irrelevant.  The
4 question is whether the claim, if successful, would result in immediate or earlier release from
5 prison.  Plaintiff's claim in this case would not yield such a result if successful.
6       In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 72-
7 304, this court has conducted a de novo review of this case.  Having carefully reviewed the
8 entire file, the court finds the findings and recommendations to be supported by the record and
9 by proper analysis.
10       Accordingly, IT IS HEREBY ORDERED that:
11       1.    The findings and recommendations filed August 8, 2007, are adopted in
12 full;
13       2.    Defendants' motion to dismiss is denied; and
14       3.    Defendants shall file an answer to the complaint within 30 days of the date
15 of this order.
16     DATED: September 14, 2007.
17
18 _____
19 LAWRENCE K. KARLTON
   SENIOR JUDGE
20    UNITED STATES DISTRICT COURT
21
22
23
24
25
26